# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DOMINIC A. GRALLUZZO** | * |
| 559 Lebanon Manor Drive | |
| West Mifflin, Pennsylvania 15122 | * |
|     **Plaintiff** | * |
| **v.** | * |
| **JOS. A. BANK CLOTHIERS, INC.** | *    Civil Action No. |
| 500 Hanover Pike | |
| Hampstead, Maryland 21074 | * |
|     <u>SERVE ON</u>: | * |
|     CSC-Lawyers Incorporating | |
|     Services Company | * |
|     7 St. Paul Street | |
|     Suite 820 | * |
|     Baltimore, Maryland 21202 | |
| | * |
|     **Defendant** | |
| | * |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## COMPLAINT

Dominic Gralluzzo, Plaintiff, by his undersigned attorneys, files this Complaint against Defendant, Jos. A. Bank Clothiers, Inc., and in support, states as follows:

### Jurisdiction and Venue

1.    Plaintiff, Dominic Gralluzzo, is domiciled in the State of Pennsylvania.

2.    Defendant, Jos. A. Bank Clothiers, Inc., is incorporated under the laws of the State of Delaware and is qualified to do business in the State of Maryland. At all pertinent times, Defendant transacted business in the State of Maryland. At all pertinent times, Defendant's contacts with the State of Maryland have been continuous and systematic. This Court possesses personal jurisdiction over

Defendant as the exercise of jurisdiction is authorized under Maryland's long-arm statute and the exercise of jurisdiction conforms to the Fourteenth Amendment's due process requirements. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 332 F.3d 390 (4th Cir. 2003); MD. CODE ANN., CTS. & JUD. PROC. § 6-103(b) (LEXIS 2015); U.S. CONST. amend XIV. Defendant employs more than 500 employees.

3. The Court possesses subject matter jurisdiction over this dispute as it concerns a federal question and claims under federal law. 28 U.S.C. § 1331; 29 U.S.C. § 626.

4. Mr. Gralluzzo's claims are properly before this Court, as he has exhausted his administrative remedies by timely filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). After the EEOC's investigation and conclusion that reasonable cause exists to find that Mr. Gralluzzo was demoted as a result of his age, the EEOC issued Mr. Gralluzzo a "Right-to-Sue" letter, which he received on March 7, 2016, granting Mr. Gralluzzo a right to file a civil action within 90 days. Mr. Gralluzzo files the instant action within the requisite 90-day period.

5. Venue is appropriate in this Court as the events and omissions giving rise to the claims asserted herein occurred in Carroll County, Maryland. *See* 28 U.S. C. § 1391.

**Facts**

6. In August 30, 1991, Defendant hired Mr. Gralluzzo as its Director of Tailoring.

7. In 1995, Mr. Gralluzo was promoted to the position of Supervisor of the National Tailor Service ("NTS"). As NTS Supervisor, Mr. Gralluzzo's duties included garment intake, delegation of tailoring assignments to employees, and supervision of tailoring. As NTS Supervisor, Mr. Gralluzzo supervised at least fifty-five (55) employees.

8. During Mr. Gralluzzo's tenure with Defendant, he consistently met or exceeded his employer's performance expectations. He was an exemplary employee with no record of poor performance, attendance problems or disciplinary actions.

9. In January 2009, Mr. Gralluzzo was 69 years old and his annual salary was $95,800.00.

10. In January 2009, Mr. Gralluzzo's assistant was Allen Lawrence. Defendant's Vice President of Operations was Gary Merry.

11. On January 12, 2009, Mr. Merry met with Mr. Gralluzzo and claimed that Defendant needed to "make some changes." Mr. Merry claimed that he understood that Mr. Gralluzzo wanted to retire. Such assertion was completely baseless. Mr. Gralluzzo had never discussed the possibility of retirement with Mr. Merry or any other employee of Defendant. Indeed, due to Mr. Gralluzzo's financial obligations, he was unable to retire at such time.

12. Mr. Merry informed Mr. Gralluzzo that Mr. Lawrence, who was in his early 40's at the time, would replace Mr. Gralluzzo.

13. Mr. Merry also indicated that Mr. Gralluzzo would need to retire or accept a demotion. Mr. Gralluzzo had no intention of retiring at such time. Accordingly, he was demoted to the position of a tailor. Mr. Gralluzzo's salary was substantially reduced as a result of his demotion.

14. Following his demotion, Mr. Gralluzzo continued to work for Defendant until June 29, 2012, at which time he resigned.

**COUNT I**
**(Violation of the Age Discrimination in Employment Act)**

15. Mr. Gralluzzo incorporates the preceding Paragraphs as if fully restated herein.

16. Mr. Gralluzzo's date of birth is December 10, 1939. He was 69 years old on the day of his demotion. Thus, Mr. Gralluzzo was a member of a protected class under the Age Discrimination Act in

Employment of 1967 ("ADEA").

17. Mr. Gralluzzo was fully qualified for the position of NTS Supervisor and met or exceeded Defendant's performance expectations.

18. Mr. Gralluzzo was demoted despite his qualifications and performance.

19. Following Mr. Gralluzzo's demotion, Defendant promoted Mr. Lawrence, a far less experienced and substantially younger employee, to Mr. Gralluzzo's position.

20. Defendant lacked a legitimate, non-discriminatory reason for demoting Mr. Gralluzzo.

21. Any and all reasons offered by Defendant for Mr. Gralluzzo's demotion are pretextual.

22. Defendant, at all times relevant hereto, had actual or constructive knowledge of the conduct of its managerial employees.

23. Defendant's decision to demote Mr. Gralluzzo was motivated by Mr. Gralluzzo's age.

24. Defendant violated the ADEA's prohibition against age discrimination by demoting Mr. Gralluzzo.  29 U.S.C. § 623.

25. Defendant's violation of the ADEA was willful because it knew its conduct was prohibited and/or because it demonstrated a reckless disregard for whether Mr. Gralluzzo's demotion was improper.

26. As a direct and proximate result of Defendant's wrongful acts, Mr. Gralluzzo has suffered substantial damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for his unpaid salary, including back pay and front pay, fringe benefits, pre-judgment interest, compensation for increased tax income liability, if any, pre-judgment interest, and punitive damages, attorney's fees, costs, and expert witness fees, and such other and additional relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff, Dominic Gralluzzo, by his undersigned attorneys, hereby demands a trial by jury on all issues triable of right by a jury.

                              Respectfully submitted,

                              /s/
                              Aaron J. Turner
                              Federal Bar No. 29822
                              Levin & Gann, P.A.
                              502 Washington Avenue, 8th Floor
                              Towson, Maryland 21204
                              (410) 321-0600
                              aturner@levingann.com

                              /s/
                              Randolph C. Knepper
                              Federal Bar No. 01232
                              Levin & Gann, P.A.
                              502 Washington Avenue, 8th Floor
                              Towson, Maryland 21204
                              (410) 321-0600
                              rknepper@levingann.com

                              Attorneys for Plaintiff